Exhibit A

| HICKMAN COUNTY CHANCERY COURT | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 2 | Case Number 24-CV-7873 |
|---|---|---|

**STATE OF TENNESSEE CIVIL SUMMONS**
page 1 of 2

JOYCE CAYCE, CRAIG BLAIR, WHITNEY BLAIR

Vs.    PHH MORTGAGE

~~FILED~~

JAN 03 2024

LOREN ROBERTS, CLERK & MASTER
BY: _Chelley Love_ D.C.

Served On:

**PHH MORTGAGE**    C/O CORPORATION SERVICE COMPANY, Corporation Service Company, 2908 Poston Ave, Nashville TN 37203

You are hereby summoned to defend a civil action filed against you in HICKMAN COUNTY CHANCERY Court, HICKMAN County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _January 3, 2024_    _Loren Roberts by Chelley Love_
Clerk / Deputy Clerk

Attorney for Plaintiff: _JASON MANGRUM, 750 OLD HICKORY BLVD, BLDG 2, #150, BRENTWOOD TN 37027_
_615-668-1701. ---- JMANGRUM@JASONMANGRUMLAW.COM_

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
Please Print: Officer, Title

Agency Address _____    Signature _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____. I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_ADA: If you need assistance or accommodations because of a disability, please call _____. ADA Coordinator, at ( ) _____

JOYCE CAYCE, CRAIG BLAIR, WHITNEY BLAIR

Vs.   PHH MORTGAGE

| Signature of Plaintiff | Plaintiff's Attorney (or Person Authorized to Serve Process) **(Attach return receipt on back)** |
| --- | --- |

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

# NOTICE

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

If you need assistance, have questions or need additional information, please contact the Local Judicial Program Coordinator:

LOREN ROBERTS
Hickman County Justice Center
104 College Avenue, Suite 202
Centerville, TN 37033
Phone (931) 729-4216

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

TENNESSEE JUDICIAL PROGRAM ADA COORDINATOR
511 Union Street, Suite 600
Nashville, TN 37219
Phone (615) 741-2687 OR
1-800-448-7970
adacoordinator@tncourts.gov

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

IN THE CHANCERY COURT FOR HICKMAN COUNTY, TENNESSEE

FILED

JAN 0 3 2024

LOREN ROPER'S CLERK & MASTER
BY: Chelley Love D.C.

JOYCE CAYCE, CRAIG BLAIR, AND
WHITNEYT BLAIR
     Plaintiffs

VS.

CASE NO. 24-CV-7873

PHH MORTGAGE CORPORATION

JURY DEMAND

Defendant

## COMPLAINT FOR WRONGFUL FORECLOSURE AND FOR BREACH OF CONTRACT

Comes the Plaintiffs, JOYCE CAYCE, CRAIG BLAIR, & WHTINEY BLAIR, by and through the undersigned attorney, and for their complaint states:

1.    Plaintiffs JOYCE CAYCE, CRAIG BLAIR, & WHTINEY BLAIR {hereafter "CBB"} are adults over the age of eighteen years and residents of Hickman County, State of Tennessee.

2.    Upon information and belief, PHH MORTGAGE CORPORATION {hereafter "PHH"} is a corporation whose corporate office is in New Jersey and may be served through its registered agent at Corporation Service Company, 2908 Poston Ave, Nashville TN 37203.

3.    Upon information and belief, this case concerns real property located in Hickman County, contracts related thereto and executed in Hickman County, and events that took place in Hickman County.

4.    Jurisdiction in this Honorable Court and venue in Hickman County is proper.

FACTS

5. This suit concerns the real property located at 110 General Avenue, Centerville, TN 37033 {hereafter "the Subject Property}.

6. The Plaintiffs owned the Subject Property and had a mortgage with PHH Mortgage with the Subject Property as collateral for same.

7. Prior to July 2022, Plaintiffs began experiencing financial difficulties and contacted PHH Mortgage to discuss options.

8. The result of that conversation was a modification of the amount paid each month. Prior to the modification, Plaintiffs had been paying $750 per month on a payment due of $658 per month.

9. The modification began in August 2022, with monthly payments due of $531.99.

10. Plaintiffs paid that amount monthly until November 2022 to PHH mortgage.

11. Plaintiffs received a notice in the mail from Wilson & Associates advising of a foreclosure sale scheduled for December 21, 2022.

12. Plaintiffs called PHH and were advised that there was an error/mistake on their account and that no such sale was scheduled. They were further advised to hold their payments until the error on the account could be corrected.

13. On or about December 27, 2022 Plaintiffs received a notice from someone saying that they had purchased the Plaintiffs property at foreclosure.

14. Plaintiffs again contacted PHH and were advised that the property had not been sold, but that the loan had been transferred to NewRez Mortgage.

15. Plaintiffs made, and a payment was accepted by NewRez in January 2023.

16. Despite these assurances and payments made, Plaintiffs had to surrender possession of their residence to the third party.

17. At the time of the surrender, the property was worth in excess of $195,000 and only $35,000 was owed.

## Count I - Wrongful Foreclosure

18. Plaintiffs adopt paragraphs 1-17 as if restated verbatim.

19. PHH engaged in a wrongful foreclosure of the Plaintiffs' home since they previously agreed to stop foreclosure and accept loss mitigation in order to prevent loss of Plaintiff's home.

20. PHH engaged in a wrongful foreclosure of the Plaintiff's home since they denied multiple times that the home was not in foreclosure and that there was an error/mistake on Plaintiffs' account.

21. Plaintiff requests actual damages of $160,000.00 as damages for wrongful foreclosure.

## COUNT III
## Breach of Contract

22. Plaintiff adopts paragraphs 1-21 as if restated verbatim;

23. Defendant's actions in proceeding to foreclosure constitute a breach of contract of the Deed of Trust and the Note since the Plaintiff performed all requirements of the security agreement and was prepared and willing to continue with the Note/Deed of Trust.

24. Due to the Defendant's actions Plaintiffs have expenses, legal expenses, and pain and suffering;

25. Plaintiff requests damages for breach of contract in an amount to be proven at trial.

**WHEREFORE, PLAINTIFFS PRAYS FOR THE FOLLOWING RELIEF:**

1. That process issue and the Defendants be required to answer as required under the Tennessee Rules of Civil Procedure;

2. That a jury be empaneled to hear this cause;

3. That Plaintiffs be awarded a judgment against the Defendants for Wrongful Foreclosure in the amount not less than $160,000.00;

4. That Plaintiffs be awarded a judgment against the Defendants for Wrongful Foreclosure in the amount not less than $160,000.00;

5. That Plaintiff be awarded a judgment against the Defendants for punitive damages in the amount of $500,000.00;

6. That reasonable attorney's fees and costs be awarded as approved by the Court;

7. That the subject property be revested in Plaintiff's name and the mortgage be deemed current.

8. For such other relief as the Court may deem necessary and proper.


Respectfully submitted:


*/s/ Jason S. Mangrum*
Jason Mangrum, Reg. No. 018098
The Law Office of Jason Mangrum
750 Old Hickory Blvd, Bldg2, #150
Brentwood, Tennessee 37027
615-668-1701
615-334-8418 fax
Attorney for Plaintiffs
jmangrum@jasonmangrumlaw.com

**COST BOND**

I, undersigned, do hereby secure the costs of this cause for payments of costs, taxes and damages pursuant to TCA §20-12-120 in an amount not to exceed $500.00.

*/s/ Jason Mangrum*
Jason S. Mangrum